## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN DOE, a pseudonym,

    Plaintiff,

v.                Civil Action No. 26-cv-2344 (ACR)

**FILED UNDER SEAL**

ATTORNEY GENERAL OF THE UNITED STATES, et al.,

    Defendants.

---

### PLAINTIFF'S MOTION TO UNSEAL THE RECORD IN REDACTED FORM, OR, IN THE ALTERNATIVE, FOR LEAVE TO DISCLOSE THE REDACTED RECORD TO CONGRESS — MAINTAINING THE PSEUDONYM AND PROTECTING IDENTITY

Plaintiff John Doe, appearing pro se, respectfully moves the Court to unseal the docket and record of this action — including the Government's status report — in redacted form, maintaining plaintiff's pseudonym and redacting every detail that could identify him; or, in the alternative, for leave to provide that redacted record to the relevant committees of Congress for oversight. Plaintiff does not seek disclosure of his identity or of any information that would place him in danger. He seeks public access to the substance of this proceeding: the conduct of the Government toward a certified cooperator. In support, plaintiff states:

### Introduction

This action is sealed to protect plaintiff's safety. Plaintiff is the person the seal protects, and he does not ask the Court to lower that protection. He asks the Court to separate two things the current seal conflates: his identity, which must remain protected, and the Government's conduct, which the public has a right to see. Those interests are fully reconciled by a maintained pseudonym and targeted redaction. The seal, as applied to the substance of the Government's conduct, is broader than the interest it serves.

### I. A strong presumption of public access attaches to these judicial records.

RECEIVED
Mailroom

JUL 22 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

The public has a common-law and First Amendment right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509–10 (1984). In this Circuit, a court weighing access applies the factors set out in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), against a strong presumption in favor of public access. *EEOC v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). The records here — the filings and the Government's status report — are the core of a dispute about how a federal agency treated a person it certified and then cut off. The need for public access to that conduct is high.

## II.    The compelling interest is plaintiff's safety, and it is fully served by less-restrictive means.

Sealing must be narrowly tailored to the interest it protects, and the Court must use the least-restrictive means available. *Press-Enterprise*, 464 U.S. at 510. The compelling interest here is plaintiff's safety. That interest is fully served by maintaining the pseudonym and redacting the categories of information identified below — not by sealing the Government's conduct in its entirety. Wholesale sealing sweeps far more broadly than plaintiff's safety requires, and in doing so it shields from public view the very conduct this action concerns. The remedy is redaction, not secrecy.

## III.  Plaintiff, the party the seal protects, consents to redacted public access; the seal may not be used to shield the Government's conduct.

A seal imposed to protect a party may not be wielded by the opposing party to shield its own conduct from scrutiny — particularly over the protected party's own request. Plaintiff is the beneficiary of the seal, and he asks that the substance be made public with his identity protected. The only interest served by keeping the Government's conduct sealed, once plaintiff's identity is protected by redaction, is the Government's interest in avoiding scrutiny. That is not an interest the sealing power exists to serve.

## IV.  Proposed redaction protocol (plaintiff's safety governs).

Plaintiff requests that, before any document is made available, the following be redacted from the entire record, and that the parties confer on any additional redactions, with the Court resolving any dispute and reviewing in camera as needed:

(a) plaintiff's true name (the pseudonym "John Doe" to be retained throughout);

(b) plaintiff's alien registration number and any government file or case identifiers that would identify him;

(c) plaintiff's home and business addresses, and any address or location information;

(d) plaintiff's nationality or country-of-origin specifics to the extent identifying, and the names of family members;

(e) any operational details, sources, methods, techniques, or handling information, and the identities of any agents or cooperators;

(f) the names of any related entities or businesses; and

(g) any specific dates, docket numbers, or other details that, alone or in combination, would tend to identify plaintiff.

Plaintiff will meet and confer with the Government and, if the Court directs, submit a jointly proposed set of redactions, or proposed redactions for the Court's in camera review, before any disclosure.

## V. In the alternative, leave to disclose the redacted record to Congress.

To the extent the Court declines to unseal the record for general public access, plaintiff requests, in the alternative, leave to provide the redacted record — subject to the same redaction protocol — to the relevant committees of the United States Congress for purposes of their oversight of the Department of Justice and the Federal Bureau of Investigation. The treatment of a certified cooperator is a matter within Congress's legitimate oversight, and plaintiff has a First Amendment right to petition Congress concerning it. Any disclosure would be limited to the redacted record and made through appropriate congressional channels, with any sensitive material handled through secure channels. Plaintiff seeks the Court's leave precisely so that this disclosure is made with the Court's authorization and consistent with the protection of his identity, rather than outside the Court's supervision.

## Conclusion

Plaintiff respectfully requests that the Court (1) order the docket and record of this action, including the Government's status report, unsealed in redacted form under the pseudonym "John Doe," subject to the redaction protocol above; or (2) in the alternative, grant leave to disclose that redacted record to the relevant committees of

Congress; direct the parties to confer on redactions and submit them for the Court's approval before any disclosure; and grant such further relief as is just. Nothing in this motion seeks disclosure of plaintiff's identity or of any information that would endanger him.

Respectfully submitted,

_____

John Doe (a pseudonym), Plaintiff *pro se*
(prepared with the assistance of counsel; plaintiff requests a Russian interpreter)

Dated: July 20, 2026

## CERTIFICATE OF SERVICE

I certify that on the date below I served a copy of the foregoing, under seal, on counsel for Defendants by the method directed by the Court for sealed filings in this action.

Dated: July 20, 2026

## [PROPOSED] ORDER

Upon consideration of Plaintiff's Motion, it is hereby ORDERED that the Motion is GRANTED; the docket and record of this action, including the Government's status report, shall be unsealed in redacted form under the pseudonym "John Doe," subject to the redaction protocol set forth in the Motion; or, in the alternative, plaintiff is granted leave to disclose that redacted record to the relevant committees of Congress; and the parties shall confer and submit proposed redactions for the Court's approval before any disclosure.

SO ORDERED.

Dated: _____, 2026

_____

Hon. Ana C. Reyes, U.S.D.J.